```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

                                    )
SATYA AKULA,                        )
                                    )
     Plaintiff,                     )
                                    )
                                    )
          v.                        )    1:08cv421 (JCC)
                                    )
                                    )
AIRBEE WIRELESS, INC. et al,        )
                                    )
     Defendants.                    )
                                    )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Motion to Sustain Exceptions to the Magistrate's Report and Recommendation. For the following reasons, the Court will deny the motion in part and remand it to the Magistrate Judge for further recommendations.

### **I. Background**

On May 30, 2008, Satya Akula (Plaintiff) filed a complaint (Complaint) against Airbee Wireless, Inc. (Airbee) and Sundaresan Raja (Raja) (Defendants). The Magistrate Judge granted Plaintiff leave to file an amended complaint; Plaintiff did so on June 5, 2008 (Amended Complaint). The allegations in the Amended Complaint are as follows.

On September 19, 2006, Airbee and Raja executed an amended and restated promissory note (Note), payable to Plaintiff

1

in the principal amount of $100,000 (Principal) and accrued interest in the amount of $6,678.08 (Accrued Interest).  Under the terms of the Note, Defendants owe Plaintiff the Principal, Accrued Interest, and ten percent interest compounded from September 19, 2006.  Defendants are jointly and severally liable for these obligations.

Specifically, the Note[1] provides that Defendants must pay Plaintiff monthly installments of interest in the amount of $305.56 on October 1, 2006 and $833.33 on the first day of all months following until the Note is paid in full.[2]  Note at ¶ 3. It also provides that ten percent interest will be charged on the Principal beginning on September 19, 2008, *id.* at ¶ 1, and that a three percent late fee will be charged on any payment not paid within five days of the due date of such payment, *id.* at ¶ 5.

The Note further states that "[i]n the event of an Event of Default," Plaintiff can accelerate the Principal and Accrued Interest.  *Id.* at ¶ 9. In addition, "[u]pon the occurrence of any Event of Default and . . . if suit is brought thereon, Maker agrees to pay all collection costs and expenses and all costs and expenses of suit, including, without limitation, reasonable attorneys's [sic] fees."  *Id.* at ¶ 11.

---

[1] Plaintiff attached a copy of the Note as Exhibit 1 to the Complaint and the Amended Complaint.

[2] Presumably, these payments are installments on the Accrued Interest.

2

"This Note shall be the joint and several obligation of all makers, guarantors, sureties and endorsers." *Id.* at ¶ 10.  The Note was endorsed by Raja and Airbee.  *See id.* at 6.

Defendants have failed to pay any of these obligations and Plaintiff is thus entitled to a judgment against them for the outstanding principal, accrued interest, and ten percent interest from September 19, 2006.  In addition, under the Note, Defendants owe Plaintiff its collection costs, expenses, and reasonable attorney's fees, as Plaintiff was required to take action to enforce the Note.

On July 24, 2008, a private process server served the Amended Complaint on Mr. Brian Perlman, Esq., authorized by Defendants to receive service on their behalf.  *See* Note at ¶ 14(a).  No answer or other response was filed.  The Clerk of Court entered a default judgment on September 19, 2008.  The Magistrate Judge entered a Report and Recommendation on October 14, 2008 (Report).  Plaintiff filed Exceptions to the Report on October 28, 2008.  Defendants did not respond.  This matter is currently before the Court.

## II.  Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's recommendations and rulings on non-dispositive and dispositive matters.  Fed. R. Civ. P. 72(a)-(b).  A magistrate's

determination of a non-dispositive matter is governed by the "clearly erroneous or contrary to law" standard of review. *Jesselson v. Outlet Assocs. of Williamsburg, Ltd.*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991); Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The district court reviews a magistrate's determination of a dispositive matter *de novo*.  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  After this review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).

### III. Analysis

Plaintiff objects[3] to the Magistrate Judge's recommendations that (1) Plaintiff is not entitled to attorney's fees for future efforts to enforce a judgment on the Note, and that (2) Plaintiff is entitled pre-judgment interest incurred only on or before May 20, 2008.  Pl.'s Mot. at 1.  The Court will address each objection in turn.

A.  <u>Future Attorney's Fees</u>

The Note provides that Defendants agree "to pay all collection costs and expenses and all costs and expenses of suit, including, without limitation, reasonable attorney's fees."  Note

---

[3] Plaintiff has satisfied the ten-day time limit for filing these objections.  *Id.* at 72(b)(2).

at ¶ 11.  Plaintiff submits that the judgment in its favor should include attorney's fees that it reasonably anticipates incurring to collect on this judgment.  Plaintiff relies on *Mullins v. Richlands National Bank*, 403 S.E.2d 334 (Va. 1991), which he argues recognized that a court may award anticipated attorney fees supported by competent evidence as to their final amount.  Pl.'s Mem. in Supp. at 2.  Plaintiff appears to consider his Supplemental Attorney's Fee Declaration, filed on October 1, 2008, as such competent evidence.  *Id.*

The Magistrate Judge noted that "[P]laintiff requests additional fees for efforts anticipated in the future," but recommended an award "only for the work already completed."  Report at 3 n.1.  The Court agrees with this recommendation.  A Court may award future attorney's fees, but may also deny them.  *Prospect Dev. Co., Inc. v. Bershader*, 515 S.E.2d 291, 301 (Va. 1999) (finding that future attorney's fees to collect on judgment were not necessary); *GT Warehousing Co. v. Mattrix, Inc.*, 1991 WL 835298 (Va. Cir. Ct. November 14, 1991) (finding that future attorney's fees were too speculative).  The Court finds that the necessity and amount of future attorney's fees requested by Plaintiff are too speculative at this point in the collection process.  Plaintiff may seek an award of future attorney's fees after those fees are incurred.

### B.   Ten Percent Interest from May 20, 2008

Plaintiff "submits that there is no basis to terminate the accrual of pre-judgment interest as of May 20, 2008." Pl.'s Mot. at 1. The Magistrate Judge did not provide an explanation in the Report of its choice of this date for the termination of interest accrual. *See* Report at 3. The Court notes, however, that it likely based its recommendation on Plaintiff's prayer for relief, which specifically requested "(iii) $16,777.88 as interest due pursuant to the Note at 10% from September 19, 2006 through May 20, 2008."[4] Am. Compl. at 2. It appears that the Magistrate Judge awarded Plaintiff exactly what he asked for. Nonetheless, in his objections, Plaintiff argues that "[p]re-judgment interest should continue to accrue and be terminated only by the entry of a final judgment in this matter." Pl.'s Mem. in Supp. at 2.

Under Rule 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Plaintiff's Motion for Default Judgment requests simply "that the Clerk of the Court enter a default as to Defendants for the relief requested in the Amended Complaint." In the Amended Complaint, Plaintiff requested $16,777.88 as ten percent interest from September 19, 2006 through May 20, 2008.

---

[4] May 20, 2008 is the date on which Plaintiff filed its original complaint.

The Magistrate Judge correctly awarded that specifically-requested amount.  Plaintiff also requested, however, that the Court "grant such other and further relief as may be appropriate."  Am. Compl. at 3.  The Court will remand this issue to the Magistrate Judge for its recommendation on whether to award Plaintiff the ten percent interest provided for in paragraph 1 of the Note from May 21, 2008 up to the date of final judgment.

### IV.   Conclusion

For these reasons, the Court will deny the motion in part and remand it to the Magistrate Judge for further recommendations.

An appropriate Order will issue.

```
January 14, 2009                _____/s/_____
Alexandria, Virginia                   James C. Cacheris
                             UNITED STATES DISTRICT COURT JUDGE
```