IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **Satya M. Akula,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:08cv421 |
| ) | |
| **Airbee Wireless, Inc. and** ) | |
| **Sundaresan Raja**, ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## Supplemental Report and Recommendation

This Supplemental Report and Recommendation addresses the issue remanded by the district judge whether a specific claim for pre-judgment interest to accrue from May 20, 2008 through the date of judgment that was not requested in plaintiff's amended complaint can nonetheless be awarded based on plaintiff's request for the court to "grant such other and further relief as may be appropriate."

## Analysis

Rule 54(c) of the Federal Rules of Civil Procedure provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, plaintiff's motion for default judgment (docket no. 12) "requests that the Clerk of Court enter a default as to Defendants for the relief requested in the Amended Complaint." Pl's Motion for Default Judgment, docket no. 12, p. 3. Plaintiff's amended complaint (docket no. 6) requests, *inter alia*, $6,678.08 of interest accrued through September 19, 2006, $16,777.88 as interest due pursuant to the Note at ten percent (10%) from September

19, 2006 through May 20, 2008, and such other and further relief as may be appropriate.  Pl's Amended Complaint, docket no. 6, p.2-3.  Plaintiff's amended complaint does not contain a specific request that the court award pre-judgment interest from May 20, 2008 through the date of judgment.  Thus, the court's award of prejudgment interest from May 20, 2008 in a default judgment would "differ in kind from, [and] exceed in amount," what was requested in plaintiff's amended complaint.  Fed. R. Civ. P. 54(c).

In *Silge v. Merz*, 510 F.3d 157 (2d Cir. 2007), a case directly on point with the facts presented here, the Second Circuit rejected a plaintiff's argument that his demand for pre-judgment interest was implied by his generic request for such other and further relief which the Court deemed just and proper.  The court noted that such language "is mere boilerplate" and "cannot substitute for the meaningful notice called for by Rule 54(c), which anticipates that defendants will look to the demand clause to understand their exposure in the event of default." *Silge*, 510 F.3d at 160.  Accordingly, pre-judgment interest cannot be read into a general request that the court grant other and further relief as may be appropriate.  *See Fox v. Board of Trustees of the State Univ.*, 42 F.3d 135, 141-42 (2d Cir. 1996) ("We are especially reluctant in these circumstances to read a damages claim into the Complaint's boilerplate prayer for 'such other relief as the Court deems just and proper' . . . ").  *See also Azimi v. Jordan's Meats, Inc.*, 456 F.3d 228, 240 n. 10 (1st Cir. 2006) (rejecting plaintiff's argument that "such further relief as deemed appropriate" encompassed a claim for nominal damages, and stating that "[t]here is nothing in this vague prayer for relief . . . that would compel the district court to award nominal damages or that would even give notice to the court that such damages were being sought"); *Keybank Nat'l Ass'n v. Fairpoint, LLC*, 2008 U.S. Dist. LEXIS 82158 (N.D. Ga. Oct. 14, 2008) (rejecting plaintiff's argument that "all other such relief" encompassed a claim for nominal

damages);  *Cf. Rosen v. Cascade Int'l*, 21 F.3d 1520, 1526 n. 12 (11th Cir. 1994) (rejecting plaintiff's argument that the "just and proper" demand for damages invoked the court's equitable jurisdiction).

Accordingly, the magistrate judge finds that Rule 54(c) precludes an award of pre-judgment interest from May 20, 2008 when plaintiff did not specifically request that relief in his amended complaint.

## Conclusion

The magistrate judge recommends that the court deny plaintiff's request for pre-judgment interest from May 20, 2008 through the date of judgment.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant's address for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within ten (10) days of service on you of this report and recommendation.  A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.



/s/

Thomas Rawles Jones, Jr.
United States Magistrate Judge

March 3, 2009
Alexandria, Virginia